**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:18-CV-341-RJC-DSC**

| | |
|---|---|
| **JOHN STRAYHORN et. al.,** | ) |
| **Plaintiffs,** | ) |
| **v.** | ) |
| **BANK OF AMERICA, N.A.,** | ) |
| **Defendant.** | ) |

**MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Remand" (document #8) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be granted as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Complaint as true, Plaintiffs are victims of Defendant's plan to deny its customers the benefits of home mortgage modifications under the federal Home Affordable Modification Program ("HAMP").

On May 22, 2018, Plaintiffs filed their Complaint in Mecklenburg County Superior Court asserting state law claims for fraud, intentional misrepresentation, promissory estoppel,

conversion, unjust enrichment, unfair and deceptive trade practices, and "wanton and reckless conduct" pursuant to N.C.G.S. § 1D-1, et. seq.

On June 28, 2018, Defendant removed the state court action to the United States District Court for the Western District of North Carolina alleging federal question subject matter jurisdiction.

On July 16, 2018, Plaintiffs filed their Motion to Remand.

Plaintiff's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

Subject matter jurisdiction is a threshold issue for the Court. When any removed case lacks a proper basis for subject matter jurisdiction, it must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving subject matter jurisdiction. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk

Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004). Any doubts about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

A defendant may remove a case if the federal district court has original jurisdiction. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction over every civil action that "arises under the Constitution, laws, or treaties of the United States." "Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (internal citations omitted).

"Federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005) (federal courts may exercise §1331 jurisdiction over a narrow category of cases that arise under state law but implicate significant issues of federal law if the claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power"). These types of state law claims comprise "a special and small category." Empire Healthchoice Assur. Inc. v. McVeigh, 547 U.S. 677, 699 (2006); see also, Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013).

In Gunn, the Supreme Court articulated a four-part test to determine whether claims fall within this "special and small category." Federal jurisdiction lies over a state law claim that is:

> (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met. . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

Gunn, 133 S.Ct. at 1064 (citing Grable, 545 U.S. at 312) (internal citations omitted).

Federal courts applying this test have concluded that there is no substantial question of federal law to support jurisdiction over state law claims "merely because HAMP is an element of the dispute." Melton v. Suntrust Bank, 780 F. Supp. 2d 458, 460 (E.D. Va. 2011). Where HAMP provides the backdrop for a state law dispute, "federal law informs the factual background of a state law claim, but in no way interjects itself legally into the analysis of that state law claim." Dean v. BAC Home Loans Servicing, LP, No. 2:11-CV-785-MEF, 2012 WL 353766, at *3 (M.D. Ala. Feb. 3, 2012) (granting motion to remand in case based on HAMP) (citing White v. Wells Fargo Home Mortg., No. 1:11-cv-408MHT, 2011 WL 3666613, at *2 (M.D. Ala. Aug. 22, 2011) (granting motion to remand).

The parties agree that there is no private right of action arising from the denial of a HAMP modification application. Spaulding v. Wells Fargo, N.A., 714 F.3d 769, 775 (4th Cir. 2013). The absence of a private right of action is "quite nearly dispositive" on the issue of federal question jurisdiction. Dean, 2012 WL 353766, at *3 (citing Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986) ( the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction")). A "congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of

action is insufficiently 'substantial' to confer federal question jurisdiction." Merrell Dow Pharm. Inc., 478 U.S. at 815. Indeed, "'it would flout congressional intent' to find federal question jurisdiction based upon an embedded federal issue where Congress has determined that no such federal cause of action should exist." Dean, 2012 WL 353766, at *3 (quoting Merrell Dow Pharm. Inc., 478 U.S. at 815).

Courts in this Circuit have held that there is no federal question jurisdiction over claims "that merely reference HAMP guidelines and procedures." Mosley v. Wells Fargo Bank, N.A., 802 F. Supp. 2d 695, 699 (E.D. Va. 2011); Asbury v. America's Servicing Co., No. 2:11cv99, slip op. at 8, 2011 WL 3555846 (E.D. Va. July 13, 2011) (finding "no private cause of action exists under HAMP, and congressional intent would be frustrated by this Court exercising federal question jurisdiction"); Paine v. Wells Fargo Bank, No. 2:11cv89, slip op. at 11, 2011 WL 3236390 (E.D. Va. July 12, 2011) (finding "that Plaintiffs' right to relief for the state-law claims does not necessarily depend on resolution of a substantial question of federal law, particularly where federal law does not create a private right of action"). See also Bottom v. Bailey, No. 1:12CV97, 2013 WL 431824, at *4 (W.D.N.C. Feb. 4, 2013) (internal citations omitted) (concerning Bank Secrecy Act, 31 U.S.C. §5311 et. seq., "Congress's determination not to provide a private cause of action under a federal statute is evidence of 'a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal question jurisdiction.'")

Applying those legal principles to the facts alleged here, the Court finds no basis for federal question jurisdiction. Plaintiffs' Complaint contains no federal claims. The federal statute referenced in the Complaint provides no private right of action. There is no dispute as to the meaning or application of any of HAMP's requirements. Assuming arguendo that Plaintiffs are

able to establish a HAMP violation, such violation is at most an element of their state law claims. "Most importantly, however, even if the Plaintiffs were to conclusively prove [a federal violation] that would not dispose of the threshold question of whether such violation gives rise to a private cause of action under North Carolina law." Bottom, 2013 WL 431824, at *7 (remanding Complaint containing only state law claims and referencing violation of Bank Secrecy Act as element of those claims). "[I]t is best left to the North Carolina Courts to determine what causes of action are recognized pursuant to North Carolina law." Id.

Accordingly, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be granted.

## III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiffs' Motion to Remand" (document #8) be **GRANTED** and this matter be **REMANDED** to Mecklenburg County Superior Court.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners

Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: August 15, 2018

David S. Cayer
United States Magistrate Judge