UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00341-RJC-DSC

| | |
|---|---|
| JOHN STRAYHORN et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| BANK OF AMERICA, N.A., | ) ORDER |
| Defendants. | ) |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R"), (Doc. No. 15), issued in this matter. In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days in accordance with 28 U.S.C. § 636(b)(1)(C). Defendant timely filed objections, (Doc. No. 16), and Plaintiff timely filed a response to Defendant's objections, (Doc. No. 17).

I.  BACKGROUND

On May 22, 2018, Plaintiffs filed their Complaint in Mecklenburg County Superior Court. (Doc. No. 1-1). On June 28, 2018, Defendant removed the action to the United States District Court for the Western District of North Carolina alleging federal-question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1 at 1). On July 5, 2018, Defendant filed a Motion to Dismiss and memorandum in support. (Doc. Nos. 4–5). On July 16, 2018, Plaintiff filed a Motion to Remand and supporting

memorandum, (Doc. Nos. 8–9); Defendant timely filed its Opposition to Plaintiffs' Motion to Remand, (Doc. No. 12); and Plaintiffs timely filed a Reply brief, (Doc. No. 14). On August 15, 2019, the Honorable David S. Cayer, United States Magistrate Judge, issued an M&R, (Doc. No. 15), recommending that the Court grant Plaintiffs' motion and that it remand this matter to Mecklenburg County Superior Court.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nevertheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, the Court has conducted a careful review of the magistrate judge's recommendation.

## III. DISCUSSION

The Court has considered each objection and conducted a de novo

review as warranted. The main issue before the Court today is determining whether this Court has subject matter jurisdiction over this case. Without it, this case must be remanded to state court. See Wisconsin Dept. of Corrections v. Schact, 524 U.S. 381, 389 (1998) ("No party can waive [subject matter jurisdiction], or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own.").

As an initial matter, the parties agree that no federal cause of action (which would create federal subject matter jurisdiction) exists in this case. However, Defendant contends that this alone does not prevent this Court from having subject matter jurisdiction over the instant case. Rather, Defendant contends that Plaintiffs' claims raise significant federal issues, and therefore, federal-question jurisdiction exists in this case. (Doc. No. 16 at 5).

Here, Defendant, as the party seeking removal, bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., 29 F. 3d 148, 151 (4th Cir. 1994). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). "Federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). When construing these types of state-law claims that can trigger federal-question jurisdiction, the Supreme Court has emphasized that these claims represent a "special and small

category." See, e.g. Empire Healthchoice Assur. Inc. v. McViegh, 547 U.S. 677, 699 (2006). Thus, this Court must proceed with caution in deciding to exercise federal-question jurisdiction over state-law claims.

The facts underlying this case are nearly identical to another case recently decided in this district that also wrestled with the issue of exercising federal-question jurisdiction over state-law claims. See Taylor et al. v. Bank of America, N.A., 2018 WL 4137097, 3:18-cv-00288-MOC-DSC (W.D.N.C. Sept. 11, 2018). In Taylor et al. v. Bank of America, N.A., the plaintiffs alleged that they too were victims of Bank of America's plan to deny its customers the benefits of home mortgage modifications under the federal Home Affordable Modification Program ("HAMP")—the exact allegation at issue in the present suit. Id. at *1. There, the plaintiffs likewise lodged the same, seven, state-law claims against Bank of America that Plaintiffs bring against Defendant here: (1) fraud, (2) intentional misrepresentation, (3) promissory estoppel, (4) conversion, (5) unjust enrichment, (7) unfair and deceptive trade practices, and (8) wanton and reckless conduct pursuant to N.C.G.S. § 1D-1, et seq. Id. Despite the alteration of the plaintiffs' names in the respective Complaints, the Complaints are almost indistinguishable. Thus, we find the final opinion reached by the Honorable Max O. Cogburn, Jr. to be instructive in resolving the current matter.

In his analysis, Judge Cogburn first looked to the four-part Gunn test to frame the federal-question inquiry. We follow suit. The Supreme Court has

4

enunciated a four-part test to help guide the Court's inquiry in determining whether claims fall within this narrow and special category:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

Gunn, 568 U.S. at 258 (quoting Grable, 545 U.S. at 313–14). The Court will evaluate each Gunn element in turn.

### A. Necessarily Raised

The parties agree that Plaintiffs' claims necessarily raise issues of federal law. Plaintiffs' Complaint contains multiple references to the directives and requirements of HAMP as well as references to the Housing and Urban Development ("HUD") Servicing Guidelines, another federal directive. The overall thrust of Plaintiffs' Complaint is to hold Bank of America accountable for its alleged systematic fraudulent practices with regard to HAMP. Thus, the first element of the Gunn test is satisfied.

### B. Actually Disputed

Defendant argues that the crux of this suit is the alleged violation of federal law—that is, whether it violated HAMP requirements and the Treasury Department Guidelines. And further, it contends that once the Court resolves that issue, it will simultaneously determine, and perhaps foreclose, Plaintiffs' ability to

5

bring private causes of action under North Carolina law.  Thus, it asserts that because Plaintiffs claim Defendant violated HAMP, and Defendant maintains that it did not violate HAMP, the construction of federal law is actually in dispute.  Defendant's argument has a fatal flaw, though.  The parties do not dispute the interpretation of federal law or directives; rather, they dispute the application of the current facts to those federal directives and laws.  And because neither the Complaint nor the parties have identified any dispute as to the meaning of a particular statutory text, remand is proper since "any statutory interpretation required by [the] case is incidental to the application of [federal] law to disputed facts."  See MHA LLC v. Healthfirst, Inc., 629 F. App'x 409, 414 (3d Cir. 2015).  This Court finds that there is no real dispute between the parties regarding what HAMP or Treasury Department Guidelines actually require.  Defendant fails to establish the second element of the Gunn test, and therefore, his claim for federal-question jurisdiction is shot.

C.   Substantial

While the Court could halt its analysis here since Defendant has failed to meet the second element showing that federal issues are actually in dispute, the Court finishes its evaluation of the four Gunn elements.  Even if the resolution of this case depended on the interpretation of HAMP and Treasury Department guidelines, determining the interpretation of the federal laws and directives at issue would still leave the case unresolved.  The Court would still have to determine whether Bank of America complied with those guidelines.  Thus, Plaintiffs' claims

6

do not necessarily turn on some construction of federal law. Melton v. Suntrust Bank, 780 F. Supp. 2d 458, 460 (E.D. Va. 2011) (declining to exercise federal-question jurisdiction "merely because HAMP is an element of the dispute"). As in Taylor, HAMP guidelines serve as a backdrop for Plaintiffs' claims here, and courts in this Circuit have held that there is no federal-question jurisdiction over state-law claims "that merely reference HAMP guidelines and procedures." Mosley v. Wells Fargo Bank, N.A., 802 F. Supp. 2d 695, 699 (E.D. Va. 2011).

Additionally, while not dispositive, the Court finds the fact that Congress did not create a private right of action in HAMP persuasive. A "congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986). The parties agree that no private cause of action exists under HAMP. This fact alone tends to show that Congress did not intend federal courts to adjudicate claims based on violations of HAMP. Accordingly, this does not constitute a "substantial" federal issue, and Defendant cannot establish the third element of the Gunn test.

### D. Capable of Resolution in Federal Court and the Federal-State Balance

The final element of the Gunn test is whether "a federal forum may entertain the claims without disturbing any congressionally approved balance of federal and state power." Gunn, 568 at 258. Defendant asserts that federal courts nationwide

7

have handled thousands of HAMP-related lawsuits and further contends that, if anything would disrupt the federal-state balance, it is the potential for remand, "which would have the effect of burdening North Carolina's courts system with Plaintiffs' own HAMP-related cases." (Doc. No. 16 at 20). Under Grable, the Merrell Dow Court "saw the missing cause of action . . . as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state [ ] action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues." Grable, 545 U.S. at 318. As such, exercising federal-question jurisdiction over the current case would open the floodgates for federal judicial review of state-law claims that have a HAMP-hook, and thus would disrupt the federal-state balance Congress intended. This Court thinks that North Carolina courts are best suited to adjudicate claims arising under North Carolina law. And the Court sees no reason why remand would overburden North Carolina courts due to plaintiffs' HAMP-related claims. Thus, Defendant cannot satisfy the fourth Gunn element as well.

In sum, Defendant fails to meet its burden of showing how it fulfills the four-part Gunn test. Accordingly, Plaintiffs' claims are not within the "special and small category" which would warrant federal-court adjudication of state-law claims.

IV. CONCLUSION

As a final matter, the Court notes that, in matters where any doubts exist over whether removal is proper, any such doubts must be resolved in favor of remand. Mulcahey, 29 F.3d at 151 ("Because removal jurisdiction raises significant

8

federalism concerns, [courts] must strictly construe removal jurisdiction. . . . If federal jurisdiction is doubtful, a remand is necessary." (internal citations omitted)). Accordingly, ample grounds exist for declining to adjudicate this case here.

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 15), is **AFFIRMED** and **ADOPTED**;

2. Plaintiffs' Motion to Remand, (Doc. No. 8) is **GRANTED**. Specifically, this matter shall be remanded to Mecklenburg County Superior Court;

3. Defendant's Motion to Dismiss, (Doc. No. 4), is **DISMISSED** as *moot*; and

4. The Clerk of Court is directed to close this case.

Signed: December 14, 2018

Robert J. Conrad, Jr.
United States District Judge